J-S38009-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                :          PENNSYLVANIA
                                    :
             v.                          :
                                    :
                                    :
HUSSAIN KIADEE                   :
                                    :
            Appellant           :     No. 3082 EDA 2022

Appeal from the PCRA Order Entered November 23, 2022
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0007557-2016

BEFORE:   STABILE, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:           **FILED JANUARY 22, 2025**

Appellant, Hussain Kiadee, appeals from an order denying his petition

for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9141-

9145, without a hearing. We affirm.

A panel of this Court previously set forth the evidence adduced during

trial as follows:

> On October 21, 2016, police found the victim Fabine Siryone dead
> on her kitchen floor in Darby, having been stabbed thirty-three
> times. [Appellant], Hussain Kiadee, ultimately confessed to the
> murder. [Appellant] was the victim's ex-boyfriend and had a long
> history of stalking, harassing and threatening her after she ended
> the relationship. The victim had previously filed a police report
> regarding this behavior, which included [Appellant] threatening to
> kill her. Surveillance video from the day of the murder showed a
> male resembling [Appellant] entering the victim's home and
> leaving shortly thereafter, as well as a car resembling
> [Appellant]'s car driving away from the scene. Additionally,

---

[*] Former Justice specially assigned to the Superior Court.

subsequent testing revealed that [Appellant]'s DNA was on the victim's clothing.

***Commonwealth v. Kiadee***, No. 973 EDA 2020, at *1-2 (Pa. Super., March 4, 2021) (unpublished memorandum).  Appellant was arrested on October 22, 2016 and later confessed to the murder during police interrogation.  Gerald Stein, Esquire entered his appearance and represented Appellant through his trial and sentencing.  The trial court denied Appellant's motion to suppress his confession.

During trial, the Commonwealth introduced Appellant's confession into evidence along with substantial additional evidence of Appellant's guilt.  The victim's family and friends testified to Appellant's pattern of stalking, harassment and violence against the victim.  A neighbor's surveillance video on the day of the murder showed the victim driving up to and entering her home, followed by Appellant's vehicle pulling up to the home, a man matching Appellant exiting the vehicle, entering the home, stumbling out of the home eight minutes later and driving away.  The victim's phone records from that day show a call between the victim and Appellant twelve minutes before his car arrived at her house.  The victim was stabbed 33 times, and Appellant confessed that he killed the victim with a steak knife.  Appellant's DNA was discovered on the gloves the victim was wearing.

Defense counsel argued to the jury that it should acquit Appellant of murder, and in the alternative, even if the jury credited Appellant's confession, it should find Appellant guilty of voluntary manslaughter instead of murder.

Following a four-day trial, the jury found Appellant guilty of first-degree murder[1] and possession of an instrument of crime.

The court sentenced Appellant to life imprisonment without the possibility of parole. Appellant appealed to this Court, arguing, *inter alia*, that the trial court erred in denying his motion to suppress his confession to the murder. On March 4, 2021, this Court affirmed Appellant's judgment of sentence. On September 1, 2021, the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal.

On January 18, 2022, Appellant filed a *pro se* PCRA motion raising three claims regarding ineffective assistance of trial counsel. The court appointed counsel to represent Appellant. On August 1, 2022, PCRA counsel submitted a "no merit" letter to the trial court pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) and **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988). Counsel stated that he reviewed Appellant's *pro se* petition, the docket entries, the Office of Judicial Support ("OJS") file, the notes of testimony from the jury trial, and correspondence from Appellant. Counsel also moved to withdraw as PCRA counsel.

The court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. The court also granted PCRA counsel

_____

[1] The verdict slip instructed that if the jury found Appellant guilty of first-degree murder, it should not return a verdict on the charges of third-degree murder and voluntary manslaughter. In accordance with these instructions, after finding Appellant guilty of first-degree murder, the jury did not return a verdict on the third-degree murder and voluntary manslaughter charges.

leave to withdraw. On November 23, 2022, the court dismissed Appellant's petition. Appellant filed a timely appeal to this Court and is represented by counsel in this appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises two issues in this appeal:

1. Was [Appellant's] PCRA petition timely filed?

2. Was it error for the trial court to dismiss the claim of trial counsel ineffectiveness for presenting a concession of [Appellant's] guilt[] to the jury without the consent of Appellant?

Appellant's Brief at 5.

On appeal from an order in a post-conviction matter, "our standard of review requires us to consider whether the PCRA court's factual findings are supported by the record and free of legal error." ***Commonwealth v. Thomas***, 323 A.3d 611, 620 (Pa. 2024). "A PCRA court's credibility determinations, when supported by the record, are binding on an appellate court but its legal conclusions are reviewed *de novo*." ***Id.***

Appellant first argues that he timely filed his PCRA petition. We agree. The record demonstrates that the Supreme Court denied Appellant's petition for allowance of appeal on September 1, 2021, and Appellant filed his petition on January 18, 2022, well within the one-year statute of limitations for filing PCRA petitions under 42 Pa.C.S.A. § 9545. The PCRA court initially found in its Rule 907 notice that the petition was untimely but subsequently recognized in its dismissal order that the petition was timely. Pa.R.A.P. 1925 Opinion,

4/2/24, at 7. The Commonwealth also concedes that the petition was timely filed. Commonwealth's Brief at 4 n.2.

Next, Appellant contends that trial counsel was ineffective by arguing to the jury, without Appellant's consent, that it could find Appellant guilty of voluntary manslaughter instead of first-degree murder. We disagree.

"Counsel is presumed to be effective and it is a petitioner's burden to overcome this presumption by a preponderance of the evidence." *Thomas*, 323 A.3d at 620. "To succeed on a claim of ineffective assistance of counsel, a petitioner must establish three criteria: (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable basis for his or her action or inaction; and (3) that petitioner was prejudiced as a result of the complained-of action or inaction." *Id.* at 620-21. "The failure to satisfy any one of these criteria is fatal to the claim." *Id.* at 621. "To establish prejudice in the context of this standard, a petitioner must establish that there is a reasonable probability that the result of the proceeding would have been different but for the complained-of conduct." *Id.*

In this case, Appellant contends that he steadfastly wished to maintain his innocence, and therefore defense counsel was ineffective for arguing to the jury that it could convict Appellant of voluntary manslaughter. For two reasons, we agree with the Commonwealth that Appellant cannot satisfy the prejudice prong of the ineffectiveness test. First, in view of the overwhelming evidence of Appellant's guilt for first-degree murder—including Appellant's

confession that he stabbed the victim with a steak knife, the 33 stab wounds on the victim's body, Appellant's history of stalking and harassing the victim, the phone records establishing Appellant's phone call to the victim shortly before the murder, and the surveillance video showing Appellant entering the victim's house and leaving minutes later—the outcome of trial would not have changed had defense counsel refrained from suggesting to the jury that it could find Appellant guilty of voluntary manslaughter. Second, and perhaps most importantly, the jury rejected defense counsel's argument, since it found Appellant guilty of first-degree murder instead of voluntary manslaughter.

Citing **United States v. Cronic**, 466 U.S. 648 (1984), Appellant contends that he did not need to demonstrate prejudice because defense counsel's alleged error constituted structural error that raised the presumption of prejudice. The United States Supreme Court held in **Cronic** that certain cases involve structural error, that is, a level of inadequate representation that "is of such a quality that prejudice is automatically presumed." **Commonwealth v. Cousin**, 888 A.2d 710, 715 (Pa. 2005) (discussing **Cronic**).[2] The present case, however, does not constitute a case that raises a presumption of prejudice.

---

[2] One example of when prejudice is presumed is when defense counsel "entirely fails to subject the prosecution's case to meaningful adversarial testing." **Cousin**, 888 A.2d at 717 (citing **Cronic**, 466 U.S. at 659).

*Cousin* provides guidance for our determination. There, during a non-jury trial, defense counsel conceded during closing argument that the defendant was guilty of criminal homicide but argued that he was not guilty of murder. Counsel suggested that voluntary manslaughter was an appropriate verdict under the circumstances of the case. The trial court agreed and found the defendant guilty of voluntary manslaughter instead of murder. Subsequently, the defendant filed a PCRA petition alleging that counsel's concession of guilt during closing argument so undermined the adversarial nature of the proceedings as to constitute a structural error that gave rise to a presumption of prejudice under *Cronic*. Our Supreme Court held that counsel's conduct did not create a presumption of prejudice:

> [Counsel's] strategic decision to concede guilt only to manslaughter during closing arguments is qualitatively different from a complete failure to subject the state's case to adversarial testing as contemplated by *Cronic* and its progeny. The Commonwealth sought a murder conviction, and counsel argued vigorously (and successfully) that such a result would be inappropriate. There is no indication, moreover, that counsel failed to engage in appropriate cross-examination, adduce evidence favorable to the defendant, or make appropriate objections during the trial. It was only when the presentation of evidence was complete and counsel realized that expecting an acquittal on the homicide charge was unrealistic, that he decided to advocate in favor of the lowest level of homicide possible under the circumstances.

*Cousin*, 888 A.2d at 720. The Court also observed that the defendant did not contest the lower courts' determination that he failed to prove actual prejudice. Consequently, the Court affirmed the dismissal of the defendant's PCRA petition.

- 7 -

Here, as in **Cousin**, counsel's conduct does not raise the presumption of prejudice. Counsel zealously advocated for Appellant during trial by cross-examining witnesses, lodging objections, and arguing on Appellant's behalf. During closing argument, counsel contended that the evidence did not prove Appellant's guilt. Moreover, counsel suggested that even if the jury credited Appellant's confession, the evidence at most constituted voluntary manslaughter instead of murder. This strategic decision was reasonable under the circumstances given the overwhelming evidence of guilt marshaled against Appellant.

Because Appellant fails to establish prejudice, we need not examine whether he satisfies the arguable merit or reasonable basis prongs of the test for ineffectiveness. **Thomas**, 323 A.3d at 621 (failure to satisfy any one of the three ineffectiveness criteria is fatal to the claim).

At the end of his brief, Appellant contends that the PCRA court erred by dismissing his petition without an evidentiary hearing. An appellant is not entitled to a PCRA hearing as a matter of right; the court can decline to hold a hearing if there is no genuine issue concerning any material fact, the appellant is not entitled to relief, and no purpose would be served by any further proceedings. **Commonwealth v. Maddrey**, 205 A.3d 323, 328-29 (Pa. Super. 2019) (petitioner failed to establish he was entitled to evidentiary hearing where he failed to raise a material fact). "With respect to a Post-Conviction Relief Act (PCRA) court's decision to deny a request for an

evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned on appeal absent an abuse of discretion." *Id.* at 327. The PCRA court acted within its discretion by dismissing Appellant's petition without a hearing, since Appellant failed to raise a genuine issue of material fact as to the issue of prejudice. Thus, no purpose would have been served by holding an evidentiary hearing.

For these reasons, we affirm the order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date:  1/22/2025